**Frank A. CARTER, Jr., Chief Disciplinary Counsel**

v.

**Robert TESTA.**

No. 82–468.

Supreme Court of Rhode Island.

Oct. 29, 1982.

Frank A. Carter, Jr., Providence, pro se.

Robert Testa, Providence, pro se.

### ORDER

The respondent is a member of the Bar of this State. On October 18, 1982 this Court's Chief Disciplinary Counsel (Counsel) filed a petition pursuant to Rule 42–17(c) on behalf of a division of this Court's Disciplinary Board (Board) requesting that this Court immediately transfer Respondent to inactive status.

On May 18, 1982 Counsel filed a Petition for Disciplinary Action against Respondent with the Board (File 81–247). On September 21, 1982 a hearing on the Petition for Disciplinary Action was commenced. Respondent appeared and acknowledged he would represent himself. The division of the Board heard testimony and received evidence and the matter was continued to October 7, 1982 for further hearing. On October 7, 1982, after due notice, this matter was again ready for hearing and the division of the Board convened the hearing at 2:00 p.m., the time set in the notice. Respondent failed to appear. Testimony was received in explanation of Respondent's absence and the hearing was recessed pending receipt of a communication from Respondent's attending physician. On October 12, 1982 a communication was received from Respondent's physician concerning Respondent's mental infirmity.

Upon review of Respondent's physician's communication to the Board and after consideration of the recommendation made therein, we conclude that respondent is incapacitated from continuing in the practice of law and should be immediately transferred to inactive status pursuant to Rule 42–17(c).

Accordingly, it is ordered that Respondent, Robert Testa, be, and he hereby is, immediately transferred to inactive status until further order of this Court.

Respondent is directed to furnish to the Clerk of this Court on or before November 10, 1982 the names of all clients represented by him and the Clerk shall take such action to protect the interest of said clients as is required in the case of attorneys transferred to inactive status under Rule 42–17. Respondent may seek reinstatement at some future date if he is able to present evidence of his restoration to good health.

■

**Richard PETRELLA**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY BOARD OF REVIEW.**

No. 82–377–M.P.

Supreme Court of Rhode Island.

Nov. 12, 1982.

Almonte, Lisa & Pisano, Stephen C. Mackie, Providence, for petitioner.

Pat Nero, Legal Counsel, Board of Review, Cranston, for respondent.

### ORDER

The petition for writ of certiorari is denied.